Case 1:26-cv-03520-JGK Document 21 Filed 07/14/26 Page 1 of 2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 14, 2026

This case is stayed until December 1, 2026. The parties should submit a status report on December 1, 2026. The August 5, 2026 conference is canceled. So ordered.
7/14/26 John G. Koeltl U.S.D.J.

**Via ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Vasudha Mathur v. Joseph Edlow, et al.*, No. 26 Civ. 3520 (JGK)

Dear Judge Koeltl:

This Office represents the defendants (the "Government") in this mandamus action brought by Vasudha Mathur ("Plaintiff") seeking to compel the adjudication of her Form I-485 adjustment of status application.

I write on behalf of the parties to respectfully request a stay of proceedings in this case until December 1, 2026, and a corresponding adjournment of the initial conference currently scheduled for August 5, 2026, to a date after December 1. The reason for this request is that there are no visas available for unreserved cases from Plaintiff's country of origin until October 1, 2026, so Plaintiff's pending Form I-485 cannot be fully adjudicated until after that date.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal quotation marks and citation omitted). "In deciding whether a stay is appropriate, courts . . . typically consider five factors: (1) the private interests in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of an burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

A stay is appropriate here because it would not prejudice Plaintiff; visas will not be available until October 2026 regardless of the progress of this litigation. Moreover, the stay will conserve both Government and judicial resources that would otherwise be expended on briefing and adjudicating a motion to dismiss. Finally, the stay would not prejudice the interests of others

---

[1] U.S. Citizenship and Immigration Services ("USCIS") takes a "visa availability" approach to reviewing EB-5 visa petitions like Plaintiff's, which includes an inquiry into "whether an EB-5 visa is available in an applicant's country." *Cohen v. Jaddou*, No. 21 Civ. 5025 (PAC), 2023 WL 2526105, at *2 (S.D.N.Y. Mar. 15, 2023).

or the public interest, because the relief Plaintiff seeks is specific to her application, and staying this action does not affect the status of other applications.

Accordingly, the parties respectfully request that the Court stay this case until December 1, 2026. If acceptable to the Court, the parties will submit a joint status letter by December 1, 2026, providing an update and proposing next steps in the case.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: *s/ Kathleen M. Lewis*
KATHLEEN M. LEWIS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2728
E-mail: kathleen.lewis@usdoj.gov

*Attorney for Defendants*

cc: All Counsel of Record (via ECF)